UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHELSEA CRAWFORD, *Individually and for Others Similarly Situated*, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:23-cv-01218-SEP |
| MIDWEST GERIATRIC MANAGEMENT, LLC, | ) ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

Before the Court is the parties' Consent Motion for Conditional Certification of FLSA Collective Action and Court-Supervised Notice to Putative Opt-In Plaintiffs, Doc. [24]. For the reasons set forth below, the motion is granted in part and denied in part.

### FACTS AND BACKGROUND

On September 7, 2023, Plaintiff Chelsea Crawford, individually and for others similarly situated, commenced this action against Defendant Midwest Geriatric Management (MGM) under the Fair Labor Standards Act. *See* Doc. [1]. Plaintiff worked for MGM as a Licensed Practical Nurse (LPN). *Id*. ¶ 2. She alleges that MGM automatically deducted 30 minutes a day from employees' work time for "meal breaks," and employees "did not actually receive bona fide meal breaks," but instead were required to "remain on-duty and perform compensable work throughout their shifts." *Id*. ¶¶ 7-8. Plaintiff also alleges that MGM "continuously subjected [the employees] to work interruptions during their unpaid 'meal breaks.'" *Id*. ¶ 8.

With the consent of Defendant,[1] Plaintiff moves for conditional certification of this action as a collective action under 29 U.S.C. § 216(b). Doc. [24]. The parties request the putative collective be defined as follows:

> All current and former hourly-paid employees who were hired and worked as an LPN ("LPN") who worked for a facility in the MGM Healthcare family of companies and who

---

[1] Defendant "does not concede liability" or concede "that final collective action certification is appropriate." Doc. [24] at 1 n.1. Defendant also "reserves all rights to object to final certification and/or to file a motion for decertification, and does not waive any arguments or defenses it may have to any claims in this case or that it may assert in support of a later motion for decertification." *Id*.

1

received an automatic meal period deduction at any time within the three years preceding the date of this Court's order granting conditional certification. ("Collective Members")

Doc. [24] at 1-2.

## LEGAL STANDARD

Under 29 U.S.C. § 216(b), an employee may bring an action under the FLSA on her own behalf as well as for those "similarly situated."  The FLSA does not define "similarly situated," but "district courts generally have applied a two-step approach by which named plaintiffs first seek conditional certification to facilitate notice to the proposed class; then, typically after the close of the opt-in period and discovery, the defendant may move to decertify the collective action if the record reveals that the opt-in plaintiffs are not similarly situated." *Davenport v. Charter Commc'ns., LLC*, 2017 WL 878029, at *8 (E.D. Mo. Mar. 6, 2017); *see Getchman v. Pyramid Consulting, Inc.*, WL 713034, at *4 (E.D. Mo. Feb. 23, 2017) (collecting cases applying the two-step approach); *Cupp v. MHM Health Pros., LLC*, 2024 WL 549974, at *2 (E.D. Mo. Feb. 12, 2024) (applying the two-step approach while acknowledging the Fifth Circuit and Sixth Circuit have recently rejected the approach).

## DISCUSSION

**I.    The Court grants conditional certification.**

This case is at the first stage.  The burden at this stage is "not onerous" and "requires 'nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan.'"  *Getchman*, 2017 WL 713034, at *4 (quoting *Davis v. Navastar Mortg., Inc.*, 408 F. Supp. 2d 811, 815 (W.D. Mo. 2005)).  But Plaintiffs cannot meet this burden "through unsupported assertions of additional plaintiffs and widespread FLSA violations." *Tinsley v. Covenant Care Servs., LLC*, 2015 WL 1433988, at *1 (E.D. Mo. Mar. 27, 2015).

According to Plaintiff, the Collective Members worked with her and "indicated they were paid in the same manner, performed similar work, and were subject to MGM Healthcare's same automatic meal break deduction policy."  Doc. [1] ¶ 92.  Plaintiff also alleges that MGM subjected the Collective Members to a "common policy and practice of automatically deducting 30 minutes a day from these employees' recorded hours worked for meal periods," regardless of whether the Collective Members "actually receive[d] full, uninterrupted, 30-minute meal breaks."  Doc. [1] ¶¶ 60, 62.  Plaintiff maintains the Collective Members were "necessarily

forced to substantially perform their regular patient care job duties and responsibilities" during their unpaid meal breaks. *Id*. ¶ 68. According to Plaintiff, "under MGM Healthcare's uniform automatic meal break deduction policy, [the Collective Members] are denied overtime pay for those on-duty 'meal breaks' during workweeks in which they work more than 40 hours in violation of the FLSA." *Id*. ¶ 76. The Court finds Plaintiff has sufficiently alleged that the Collective Members were together the victims of a single decision, policy, or plan.

## II.     The parties' proposed notice plan is approved.

"The FLSA requires that notice to potential plaintiffs be 'accurate and timely,' giving potential plaintiffs the chance to make informed decisions about whether to participate." *Littlefield v. Dealer Warranty Servs., LLC*, 679 F. Supp. 2d 1014, 1018 (quoting *Martinez v. Cargill Meat Sols.*, 2009 WL 5034479, at *8 (D. Neb. Dec. 11, 2009)). The Court must approve "both the content and method of disseminating notice to potential class members." *Id*. "[T]he court should not alter plaintiff's proposed notice, unless certain changes are necessary." *Id*. (citing *Creten–Miller v. Westlake Hardware, Inc.*, 2009 WL 2058734, at *2 (D. Kan. July 15, 2009)).

Here, the parties jointly proposed a notice plan. *See* Doc. [24-1]. Under the proposed plan, notice and consent forms will be mailed and emailed to the Collective Members. Collective Members will be allowed to execute either a hard copy of the consent form or an electronic copy with an electronic signature. Collective Members will have 60 days from the date the notice is distributed to return their signed consent forms, and timeliness will be based on the date the consent form is post-marked or electronically executed. Upon review, the Court finds the parties' proposed content and method of disseminating notice to be appropriate.

## III.    The parties' request to appoint Plaintiff's counsel as counsel for the Collective Members is denied.

The parties also request that the Court appoint Plaintiff's counsel as counsel for the Collective Members. The parties provide no argument for the appointment nor point to any authority requiring such appointment. *See Fry v. Accent Mktg. Servs., L.L.C.*, 2013 WL 4093203, at *1 n.4 (E.D. Mo. Aug. 13, 2013) ("Plaintiff and his counsel also seek to be named as class representative and class counsel, but they point to no authority which would require such appointment for collective actions. This issue will presumably be raised when plaintiff seeks to certify a class under Fed. R. Civ. P. 23."); *Vallone v. CJS Sols. Grp., LLC*, 437 F. Supp. 3d 687,

3

692 (D. Minn. 2020) (declining to appoint counsel because Plaintiff offered no argument in support of its request and the court could not find any cases discussing appointment at the conditional certification stage); *see also Lescinsky v. Clark Cnty Sch. Dist.*, 539 F. Supp. 3d 1121, 1131 n.11 (D. Nev. 2021) (declining to resolve whether a collective action requires the appointment of interim counsel but noting the purpose of appointing counsel in a class action is to protect the interest of the absent class members while in a collective action "any opt-in plaintiffs will have made the affirmative choice to join the case with the representation of current counsel"). Therefore, the Court denies without prejudice the parties' request to appoint Plaintiff's counsel as counsel for the Collective Members.

Accordingly,

**IT IS HEREBY ORDERED** that the parties' Consent Motion for Conditional Certification of FLSA Collective Action and Court-Supervised Notice to Putative Opt-In Plaintiffs, Doc. [24], is **GRANTED** in part and **DENIED** in part. The Court conditionally certifies this action as a collective action under 29 U.S.C. § 216(b) and the proposed notice plan is approved. The Court denies the parties' request to appoint Plaintiff's counsel as counsel for the Collective Members.

**IT IS FURTHER ORDERED** that within twenty (20) days of the entry of this Order, MGM shall provide a list of the names, last-known addresses, email address (to the extent maintained by Defendant), dates of employment, and location(s) of work for the Collective Members. Defendant shall provide such information in a computer-readable format, such as a Microsoft Excel Spreadsheet.

Dated this 8th day of November, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE